Youssef H. Hammoud (SBN: 321934)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
*Attorneys for Plaintiff,*
*Tatyana Rotkin*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA ROTKIN,<br><br>            Plaintiff,<br><br>v.<br><br>DISCOVER BANK,<br><br>            Defendant. | **Case No.**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*;<br>2. CAL. CIV. CODE § 1788 *et seq.*; and<br>3. Intrusion Upon Seclusion |

Plaintiff Tatyana Rotkin ("Plaintiff"), by and through her attorneys, files this Complaint against Defendant Discover Bank ("Defendant") for its violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, and intrusion upon Plaintiff's seclusion, and alleges as follows.

## INTRODUCTION

1.   Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227. The TCPA is a federal statute that broadly

regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from §652B of the Restatement (Second) of Torts. §652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . that would be highly offensive to a reasonable person."

## JURISDICTION

4. Jurisdiction of this court arises under 28 U.S.C. §§1331, 1367 and 47 U.S.C. §227.

5. Federal question jurisdiction exists because Defendant's conduct violates Plaintiff's rights under the TCPA, a federal statute.

6. Supplemental jurisdiction exists because all of Plaintiff's claims are so related that they are part of the same case or controversy under Article III of the United States Constitution.

7. Diversity jurisdiction is also established under 28 U.S.C. § 1332 as the matter

in controversy exceeds $75,000, Ms. Rotkin is a citizen of California, and Defendant is a citizen of Delaware.

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events giving rise to the claim occurred within the geographic boundary of the Eastern District of California.

9. Because Defendant's conduct was aimed at, the effects of its conduct were suffered in, and it transacts business in the Eastern District of California, personal jurisdiction is established.

## PARTIES

10. Plaintiff is a natural person.

11. During all times pertinent to this complaint Plaintiff resided in Antelope, Sacramento County, California.

12. Plaintiff is a "debtor" as defined under Cal. Civ. Code § 1788.2(h).

13. Defendant is a "debt collector" as defined under Cal. Civ. Code § 1788.2(c).

14. Defendant is a Delaware banking institution engaged in the business of giving credit and collecting debt, with its principal place of business located in Greenwood, Delaware. Discover Bank can be served through its registered agent for service of process, Corporation Trust Company, located at 1209 Orange Street, Wilmington, DE 19801.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

*Rotkin, Tatyana v. Discover Bank*
Complaint

# FACTUAL ALLEGATIONS

16. Defendant is attempting to collect an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

17. Beginning in or around May 2021, Defendant began attempting to collect one or more debts allegedly owed by Plaintiff to Defendant.

18. On or about May 18, 2021, at approximately 6:15 p.m., Plaintiff answered a call from Defendant. After picking up the call, Plaintiff noticed an unusually long delay and recalls hearing a series of clicks, beeps, or tones before the representative began speaking, consistent with the use of an automatic dialing system.

19. The representative informed Plaintiff that the representative was attempting to collect an alleged debt owed by Plaintiff to Defendant.

20. After going through the identification process, Plaintiff informed the representative that she had no money to pay due to financial difficulties arising from her cancer diagnosis, her recent surgery, and her children's healthcare expenses.

21. She explained that her husband does not work and that she has been working overtime to afford even her basic needs. Plaintiff further explained to the representative that she works between 7 a.m. and 3:40 p.m. and then drives for an hour and arrives home only at 4:40p.m.

22. She instructed the representative to stop calling her when she is at work or driving (between 7 a.m. and 4:40 p.m.) (the "inconvenient hours").

23. Despite Plaintiff expressly informing the representative not to call her during her work and driving hours and explaining why she had no money left to repay Defendant, Defendant began a harassment campaign by calling Plaintiff on her cellular phone relentlessly for three months, including calling her during a time Defendant knew or should have known was inconvenient.

24. The calls originated from the following numbers: (800) 263-5191; (385) 261-7120; (480) 481-1847; (480) 550-3256; (614) 758-2144; and (614) 758-2318.

25. Upon information and belief, each of these numbers is either owned or operated by Defendant.

26. Upon information and belief, Defendant "spoofed" or made their calls to show as originating from those numbers.

27. Between May 26, 2021, and July 21, 2021, Defendant called Plaintiff on her cellular telephone during the inconvenient hours approximately **ONE HUNDRED AND FIFTY (150) times.**

28. Defendant called Plaintiff almost every day.

29. Defendant called Plaintiff multiple times throughout the day, up to six (6) times in one day, and multiple times a day during the inconvenient hours.

30. Upon information and belief, Defendant also called and texted, or attempted to call and text, friends and family of Plaintiff with the intention that they would communicate to Plaintiff that Defendant was attempting to collect a debt from her, causing Plaintiff additional embarrassment and distress.

31. Defendant also called Plaintiff and delivered numerous prerecorded or

artificial voice messages, including leaving prerecorded or artificial voice messages during the inconvenient hours.

32. On or about July 10, 2021, at approximately 8:09 a.m., Plaintiff received a call from telephone number (614) 758-2144. When Plaintiff answered the call, an automated message prompted her to "please wait for an important call", indicating the use of an automatic telephone dialing system.

33. Upon information and belief, Defendant's systems "use a random generator to determine the order in which to pick phone numbers from a preproduced list" generated by Defendant and "then store those numbers to be dialed at a later time." *Facebook, Inc. v. Duguid*, 592 U. S. ____, slip op. 10, n.7 (2021).

34. Upon information and belief, Defendant's systems used to call Plaintiff have the capacity to produce a telephone number using a random or sequential number generator.

35. Upon information and belief, Defendant intentionally ignores a consumer's request to not be called during certain hours of the day.

36. Defendant's intrusion upon Plaintiff's seclusion was highly offensive to the reasonable person and exceeded reasonable collection efforts. Defendant's conduct was especially unreasonable because they called Plaintiff relentlessly during her work hours shortly after Plaintiff asked Defendant to stop calling her during those specific hours and explained that she had no money because of her financial difficulties arising from her cancer diagnosis, surgery, and children's health expenses.

37. Defendant's conduct was not only knowing and willful but was done with

the intention of causing Plaintiff such distress, so as to induce her to pay the debt or somehow pay more than she was able to.

38. Defendant is familiar with the TCPA and the RFDCPA.

39. Each and every call caused Plaintiff distraction and temporary loss of use of her telephone line.

40. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including but not limited to stress, anxiety, embarrassment, anguish, annoyance, and severe emotional and mental pain.

41. Plaintiff has been diagnosed with cancer and increased stress can aggravate her condition. In fact, Plaintiff's cancerous nodes almost doubled in size during the period she was receiving calls from Defendant.

42. Moreover, Plaintiff has children with health concerns and keeps her cellular phone on her more emergencies. However, she was obligated to keep her cellular phone on silent during work because the large volume of calls was getting her in trouble at work.

### COUNT I
### Violations of the TCPA, 47 U.S.C. §227

43. Plaintiff incorporates by reference the foregoing paragraphs as though fully stated herein.

44. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

  a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated 47 U.S.C. §227(b)(1)(A)(iii), which states in pertinent

      part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

  b. Within four years prior to the filing of this action, on multiple occasions, Defendant violated 47 U.S.C. §227(b)(1)(B) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party . . ."

  c. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowingly and/or willfully violated the TCPA.

45. As a result of Defendant's violations of 47 U.S.C. §227, Plaintiff is entitled to declaratory judgment that Defendant's conduct violated the TCPA, and an award of five hundred dollars ($500.00) in statutory damages for each negligent violation, pursuant to §227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, then pursuant to §227(b)(3)(B), (C), Plaintiff is entitled to a tripling of the award

to one thousand five hundred dollars ($1,500.00) for each violation.

## COUNT II

### Violations of the RFDCPA, Cal. Civ. Code § 1788

46. Plaintiff incorporates by reference the foregoing paragraphs as though fully stated herein.

47. Defendant violated the RFDCPA. Defendant's violations of the RFDCPA include, but are not limited to the following:

    a. Causing a telephone to ring repeatedly or continuously to annoy the person called in violation of Cal. Civ. Code § 1788.11(d);

    b. Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute harassment to the debtor under the circumstances in violation of Cal. Civ. Code § 1788.11(e);

    c. Failing to comply with provisions of § 1692b to § 1692j of the Federal Fair Debt Collection Practices Act ("FDCPA"), in violation of Cal. Civ. Code § 1788.17;

    b. engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of FDCPA, 15 U.S.C. §1692d;

    c. causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, in violation of FDCPA, 15 U.S.C. §1692d(5);

48. Defendant's acts, as described above, were done knowingly and willfully.

49. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the RFDCPA, actual damages, statutory damages, and attorney's fees and costs.

## COUNT III
### Invasion of Privacy – Intrusion Upon Seclusion

50. Plaintiff incorporates by reference the foregoing paragraphs as though fully stated herein.

51. Defendant violated Plaintiff's privacy. Restatement of the Law, Second, Torts, §652B defines intrusion upon seclusion as "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

52. Defendant's violations include, but are not limited to, the following:

   a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite a request(s) for the calls to cease.

   b. The number and frequency of the telephone calls to a phone on Plaintiff's person by Defendant after a request(s) for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

   c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received countless, unwanted phone calls that interrupted and occupied her cell phone line.

d. The frequency, timing and volume of Defendant's calls were harassing to Plaintiff.

e. Defendant's acts, as described above, were harassing and done intentionally with the purpose of pressuring Plaintiff to pay the alleged debt.

53. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

54. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is egregious, Plaintiff may recover punitive damages.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Tatyana Rotkin respectfully requests an award against Defendant for the following:

A. Declaratory judgment that Defendant violated the TCPA and RFDCPA;

B. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. §(b)(3)(B);

C. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B), (C);

D. Statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b);

E. Actual damages pursuant to Cal. Civ. Code §1788.30(b);

F. Attorneys' fees and costs pursuant to Cal. Civ. Code §1788.30(c);

G. Actual damages for Defendant's intrusion upon Plaintiff's seclusion;

H. Punitive damages for Defendant's intrusion upon Plaintiff's seclusion;

I. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

J. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted this 6th day of July 2022,

By: */s/ Youssef Hammoud*
Youssef H. Hammoud (SBN: 321934)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
*Attorneys for Plaintiff,*
*Tatyana Rotkin*